UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edmund Heimlich,

    Plaintiff,

    v.

United States,
*Through Attorney General
Merrick B. Garland, et al.*,

    Defendants.

Case No. 2:23-cv-1879

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

After performing an initial screen under 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court dismiss most of Plaintiff's *pro se* claims for lack of subject-matter jurisdiction and transfer the remaining claims to the United States District Court for the Southern District of Texas, Houston Division, due to improper venue. R&R, ECF No. 2. Plaintiff objects. Obj., ECF Nos. 4 & 5.

### I.    BACKGROUND

The R&R sets forth the alleged facts, which will not be restated herein. Suffice it to say that the Complaint centers around the way the Harris County, Texas, probate court handled appointing a guardian for Plaintiff's father and, subsequently, an administrator for Plaintiff's father's estate. *See generally* Compl., ECF No. 1-1. As Plaintiff attempted to complain about various actions in

connection with those appointments, the probate judge declared him a vexatious litigator under the Texas vexatious litigator statute. *Id.* at PAGEID # 14, 18.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R that are properly objected to. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R or may recommit the matter to the Magistrate Judge. *Id.*

## III. ANALYSIS

The R&R recommends dismissing almost all of Plaintiff's claims for lack of subject-matter jurisdiction. Specifically, the R&R concludes that any claim for which Plaintiff seeks specific administration of his father's estate would be barred by the probate exception to federal jurisdiction. R&R 6, ECF No. 2. Moreover, it concludes that, to the extent Plaintiff attempts to overturn the probate court's decisions, federal jurisdiction is lacking under the *Rooker-Feldman* doctrine. *Id.* at 6–7. Finally, the R&R concludes that Plaintiff's "remaining claims against David Cook, Cook Law, PLLC, Suzan Korenblit,[1] Mark Yablon, Candice Schwager, and George Lindsey are not properly venued in this District." *Id.* at 7–8.

Plaintiff's timely filed objection begins by seeking an additional thirty days to supplement his objections. Obj., ECF No. 4. Plaintiff states that he is not

---

[1] The spelling of this Defendant's name differs throughout the Complaint, ECF No. 3. The Court duplicates the spelling from the Complaint's first reference to Defendant Korenbilt.

learned in the law and therefore requires additional time to research and submit objections. *Id.*

That request is **DENIED**, and the Court will not consider Plaintiff's supplemental filing, ECF No. 5.[2] The Court recognizes the difficulties of proceeding *pro se*, but those difficulties are an unfortunate reality of electing to proceed *pro se*. *Cf. Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." (citation omitted)); *Fedorovich v. Trinity Servs., Grp., Inc.*, No. 5:23-cv-1009, 2023 WL 5278551, at 2 n.2 (N.D. Ohio Aug. 16, 2023) ("Deadlines are deadlines, unless modified by a Court order entered before the expiration of the deadline. This is the rule even for a *pro se* litigant." (citations omitted)). The Court thus considers only the objections raised in ECF No. 4.

Plaintiff asserts various objections in that document. First, Plaintiff contends he is entitled to venue in this district under the diversity statute, 28 U.S.C. § 1332, because Plaintiff is an Ohio citizen, and because his father owned property in Ohio at the time of his death. *Id.* at 2–3. Plaintiff further contends that venue is proper in this district because he raises federal questions in his

---

[2] Separately, the Court will not consider the supplement because it exceeds the Undersigned's standing orders without leave of court. *See* https://www.ohsd.uscourts.gov/sites/ohsd/files//Judge%20Watson%20Civil%20Standing%20Orders%20Final.pdf ("Any filings that exceed the page limit without leave of Court will be stricken.").

Complaint, citing 28 U.S.C. § 1331. *Id.* at 3–4. He also argues that, if venue is improper in this Court, then this Court necessarily lacks jurisdiction to dismiss any defendants or claims. *Id.* at 10–11.

Second, Plaintiff seeks additional time to file an Amended Complaint that conforms to the *Iqbal/Twombly* requirements. *Id.* at 4–7. Plaintiff states that his Amended Complaint would include additional evidence to support jurisdiction. *Id.*

Third, Plaintiff argues that dismissal on the mere "Title of Nobility" that accompanies the United States, State of Texas, and defendant judges is improper. *Id.* at 7–10.

Fourth, Plaintiff argues that the *Rooker-Feldman* doctrine is inferior to the Constitution and thus must yield. *Id.* at 12–13. He further argues that *Rooker-Feldman* is inapplicable where, as here, he does not challenge the constitutionality of a state statute but rather challenges state judges' orders as violating the Constitution, other federal statutes, and state law. *Id.* at 13–14.

Fifth, Plaintiff objects to the existence of any probate exception to federal jurisdiction. *Id.* at 15–16.

Sixth, and finally, Plaintiff clarifies that he does not seek to affect the distribution of his father's estate. *Id.* at 16–17. Rather, he seeks money damages for the violation of his rights. *Id.*

## II. ANALYSIS

### A. Federal Subject-Matter Jurisdiction

The Court begins, as it must, with jurisdiction. The R&R correctly concludes that, to the extent Plaintiff seeks to have a federal court interfere with the administration of his father's estate or the probation of his father's will, the probate exception to federal court jurisdiction applies. It similarly correctly concludes that, to the extent Plaintiff essentially seeks to appeal any state-court judgments or argues that the judgments, themselves, violate Plaintiff's federal rights, the *Rooker-Feldman* doctrine prohibits federal jurisdiction.

Plaintiff's above-noted objections do not cast doubt on either of these conclusions. Rather, the objections merely reject the entire notion of a probate exception to federal jurisdiction and argue that *Rooker-Feldman* applies only when a plaintiff challenges the constitutionality of a state statute (and, in any event, violates the Constitution). *See* Obj. at 12–16, ECF No. 4.

These objections fail. Regardless of Plaintiff's belief as to the wisdom of a probate exception to federal jurisdiction, it does exist. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." (citations omitted)). Moreover, *Rooker-Feldman* bars attempts to appeal state-court orders. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review

final judgments of a state court in judicial proceedings."). The Court therefore overrules Plaintiff's objections and adopts the R&R in these respects.

As a result, to the extent Plaintiff requests specific performance of a purported contract with David S. Cook,[3] or particular administration of the estate or probation of the will, federal courts lack jurisdiction to grant such relief under the probate exception to federal jurisdiction, and such claims are **DISMISSED WITHOUT PREJUDICE**. Further, to the extent he brings any, Plaintiff's claims against the United States, State of Texas, Judge Newman, or Judge Simoneaux for violation of due process or free speech (on the theory that the judicial declaration that Plaintiff was a vexatious litigator violated his right to liberty and petition the courts), see e.g., Compl., ECF No. 3 at PAGEID ## 99–100, is barred by the Rooker-Feldman doctrine, along any attempts to appeal state-court judgments in this litigation. Those claims are likewise **DISMISSED WITHOUT PREJUDICE**.

But, to the extent Plaintiff seeks to bring claims against Defendants for *in personam* judgment under, for example, a theory of breach of fiduciary duties, the probate exception does not necessarily divest federal courts of jurisdiction over such claims. E.g., Osborn v. Griffin, 865 F.3d 417, 434 (6th Cir. 2017);

---

[3] Compare, e.g., "Heimlich humbly begs the Federal Judge to prevent additional conversion of the property Heimlich has a possessory (property) interest in and require the performance on the contract for conveyance of Real Property, 806 Comstocks Springs in Katy, Texas[.]" Compl., ECF No. 3 at PAGEID # 102, with Obj. 17, ECF No. 4 (disavowing any such requested relief and seeking damages only).

*Wisecarver v. Moore*, 489 F.3d 747, (6th Cir. 2007) (*in personam* claims for money damages "equal to the amount of the [challenged] probate disbursements" are barred by the probate exception because such an award "would be tantamount to setting aside the will."). And, *Rooker-Feldman* does not bar jurisdiction where a plaintiff seeks compensation for an injury the source of which is not a state-court judgment itself. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."). It also does not apply to claims brought by someone who was not a party to the underlying state court action. *Lance v. Dennis*, 546 U.S. 459, 464 (2006) ("*Rooker-Feldman* [is] inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding" (internal citation omitted)).[4]

Because the Complaint arguably purports to raise a conspiracy claim under 42 U.S.C. § 1985(3) and § 1986 against Judges Newman and Simoneaux, Cook, Cook Law, Lindsey, and Kornblit, as well as claims for breach of fiduciary duty against Cook and Kornblit, and claims for damages based on breach of contract against Cook, Cook Law, Yablon, and Schwager, the Court will not

---

[4] *But see id.* at 466 n. 2 (leaving open the question whether *Rooker-Feldman* might bar a decedent's estate from trying to appeal in federal court a state-court judgment involving the decedent).

dismiss those Defendants at this time. *Cf. Alexander v. Rosen*, 804 F.3d 1203, 1206–07 (6th Cir. 2014) (finding claim against state court judge under § 1985(2) not barred by *Rooker-Feldman*). However, because it appears the Complaint asserts no claim against the United States or the State of Texas over which a federal court would have jurisdiction, the Court **DISMISSES WITHOUT PREJUDICE** those entities as defendants.

## B. Remaining Objections

Plaintiff's objection that it is improper to dismiss defendants solely because of their "Title of Nobility" is overruled. His contention that the instant dismissal for lack of subject-matter jurisdiction is based on "Titles of Nobility" given to the United States, State of Texas, or Judges Newman and Simoneaux, Obj. 7–9, ECF No. 4, is simply incorrect. Assuming Plaintiff's objection instead relates to a grant of sovereign or judicial immunity, the Court has not analyzed any such affirmative defense at this juncture, let alone dismissed claims because of immunity. His objection about "Titles of Nobility" therefore lacks merit.

The Court also overrules Plaintiff's objections regarding venue. The R&R correctly concludes that venue is improper in this district under 28 U.S.C. § 1391 as no defendant resides here and neither "a substantial part of the events or omissions giving rise to the claim occurred" here nor is "a substantial part of property that is the subject of the action . . . situated" here. By the Complaint's plain language, the at-issue contract involved property in Katy, Texas. Compl. ¶¶ 13, 15, ECF No. 3. Plaintiff's contention that his father's estate also contained

property in Ohio, Obj. 3, ECF No. 4, is unhelpful because that property is not the subject of this action. See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which . . . a substantial part of property that is the subject of the action is situated[.]").

Moreover, his remaining objections to venue are misdirected and are, instead, arguments related to subject-matter jurisdiction.[5]

### C. Future Proceedings

The initial screen over those claims for which a federal district court has subject-matter jurisdiction, to be performed pursuant to § 1915(e)(2), should be completed by a district court wherein venue is proper. That is also the court in which Plaintiff should file any Amended Complaint he may wish to file. See Obj. 4–5, ECF No. 4. Accordingly, the Court *sua sponte* **TRANSFERS** the remaining claims to the United States District Court for the Southern District of Texas, Houston Division for further proceedings.

### IV. CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **DISMISSES** the United States and State of Texas as defendants in this action,

---

[5] For example, Plaintiff objects that venue is proper in this district under 28 U.S.C. § 1332, "which provides for diversity of citizenship jurisdiction[,]" or § 1331, "for the federal questions[.]" Obj. 2–3, ECF No. 4. For a similar reason, the Court overrules any objection that it lacks jurisdiction to dismiss claims. The Court did not "lack jurisdiction due to the venue," as Plaintiff suggests at page 10 of his objections. Obj. 10, ECF No. 4. The Court lacks jurisdiction for the reasons above, dismisses without prejudice those claims over which it lacks jurisdiction, and transfers only those claims over which federal courts may properly exert jurisdiction.

**DISMISSES WITHOUT PREJUDICE** the claims identified above for lack of subject-matter jurisdiction, and **TRANSFERS** the remainder of the case to the United States District Court for the Southern District of Texas, Houston Division for further proceedings.

**IT IS SO ORDERED.**

*[Signature]*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT